FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 01, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER TODD SMITH, | No. 2:16-cv-00380-MKD |
| Plaintiff, | ORDER DISMISSING STATE LAW CLAIM WITHOUT PREJUDICE |
| vs. | |
| AMERICAN BEHAVIORAL HEALTH SYSTEMS, and JOHN DOE, | |
| Defendants. | |

Before the Court is the parties' briefing in response to the Court's request (ECF No. 49) for supplemental briefing on the issue of supplemental jurisdiction over Plaintiff's state law claim. ECF Nos. 50, 51. Because the federal law claim has been eliminated, the balance of factors weighs against this Court's continued exercise of jurisdiction over the remaining state law claim. Accordingly, this Court dismisses the remaining state law claim.

A federal court has supplemental jurisdiction over pendant state law claims to the extent they are "so related to claims in the action within [the

ORDER - 1

court's] original jurisdiction that they form part of the same case or controversy…." 28 U.S.C. § 1367. "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tied together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004). However, after acquiring supplemental jurisdiction of a state law claim, a court may decline to exercise jurisdiction if:

(1) The claims raises a novel or complex issue of state law;
(2) The claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
(3) The district court has dismissed all claims over which it has original jurisdiction, or
(4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Indeed, "in the usual case in which all federal-law claims are eliminated before trial, the balance of the factors … will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988).

Here, Smith originally brought two claims, one under Section 1983 and one under state negligence law. ECF Nos. 13, 44. The Court exercised supplemental jurisdiction over the state law claim because it arose from a common nucleus of operative facts. The Court granted ABHS' motion for summary judgment on the Section 1983 claim. ECF No. 49. Accordingly, no

federal claims remain.

The values of judicial economy, convenience to the parties, fairness and comity are best advanced by dismissing the remaining state law claims for resolution in the Washington State courts. First, state court is the most appropriate forum to address Smith's remaining state law negligence claim. Moreover, the parties will not be greatly inconvenienced by the Court's decision to decline jurisdiction. The parties have exchanged initial disclosures and an initial set of written interrogatories, but no other discovery has been initiated. ECF No. 50 at 5-6. This Court has not made any evidentiary rulings or adjudicated any issues related to the state law negligence claim. Additionally, the period of limitation for Smith's state law claim is tolled for thirty days after the claims are dismissed unless Washington provides for a longer tolling period. 28 U.S.C. § 1367(d). Furthermore, there is no independent basis to retain jurisdiction over the claims. Smith and ABHS are citizens of Washington, making the Washington state courts a suitable venue for resolution of the remaining claims. Finally, the parties agree that state court is the most appropriate venue for the resolution of the remaining claims. ECF Nos. 50, 51.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's remaining state law claim is DISMISSED WITHOUT PREJUDICE.

ORDER - 3

2. All hearings and other deadlines are STRICKEN.

3. The Clerk's Office is directed to CLOSE this file.

4. The Clerk's Office is directed to enter this Order and provide copies to all counsel.

DATED October 1, 2018.

<em>s/Mary K. Dimke</em><br>
MARY K. DIMKE<br>
UNITED STATES MAGISTRATE JUDGE